**Quarles & Brady LLP**
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

John Maston O'Neal (#015945)
John.Oneal@quarles.com
Edward A. Salanga (#020654)
Edward.Salanga@quarles.com

*Attorneys for Defendants David P. Franke and Stephanie M. Rankin Franke; James D. Staudohar and Kathleen M. Staudohar; and Scott Wiley and Gail E. Wiley*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bill McCauley and Edward D. Kendler, sole trustee of the Kendler Family Trust, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Jahm J. Najafi and Cheryl Najafi, husband and wife; Kevin M. Weiss and Elizabeth S. Weiss, husband and wife; David P. Franke and Stephanie M. Rankin Franke, husband and wife; James D. Staudohar and Kathleen M. Staudohar, husband and wife; Scott Wiley and Gail E. Wiley, husband and wife,<br><br>Defendants. | Case No. _____<br><br>(Formerly Maricopa County Superior Court No. CV2016-013272)<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, as amended in relevant parts by the Class Action Fairness Act of 2005 ("CAFA"), Defendants, by their counsel, hereby remove to this Court the above-styled putative class action, pending as Case No. CV2016-013272 in the Superior Court of Arizona, Maricopa County ("the State Court Action"). The grounds for removal are as follows:

## I. Nature of the Action

1. On August 23, 2016, Plaintiffs filed a class action complaint ("Complaint") in the Superior Court of Arizona, Maricopa County, Case No. CV2016-013272. A copy of all process, pleadings and orders served upon Defendants is attached to the Declaration of Edward A. Salanga filed in support of defendants' Notice of Removal ("Ex. A").

2. Plaintiff Bill McCauley is a resident, domiciliary and citizen of Tennessee. (Complaint, ¶ 15).

3. Plaintiff Ed Kendler is a resident, domiciliary and citizen of Arizona. (Complaint, ¶ 17).

4. All Defendants are residents, domiciliaries, and citizens of Arizona. (Complaint, ¶¶ 19, 21, 23, 25, 27).

5. The Complaint also names two "Relevant Non-Parties." (Complaint, ¶¶ 29-30). Xhibit was a publicly-traded Nevada corporation with its primary place of business in Arizona. (Complaint, ¶ 29). SkyMall LLC was a Delaware limited liability corporation with its primary place of business in Arizona. (Complaint, ¶ 29).

6. The Complaint alleges "fraudulent or deceitful transactions, practices, and course of business" conducted by Defendants in connection with the sale of Xhibit stock between May 16, 2013 and September 10, 2014 (Complaint, ¶¶ 60, 78).

7. The Plaintiffs purport to bring this action as a class action on behalf of a class of "all persons who purchased Xhibit stock between May 16, 2013 and September 10, 2014." (Complaint, ¶ 78).

8. Plaintiffs seek rescission (or rescissionary damages) pursuant to A.R.S. § 44-2001(A). (Complaint, ¶ 92).

9. Defendants David and Stephanie Franke were served with the Complaint on September 10, 2016, and Defendants James and Kathleen Staudohar and Scott and Gail Wiley were served with the Complaint on September 11, 2016. The remaining defendants have not been served as of the filing date of this Notice.

10. Defendants have not answered or otherwise responded to the Complaint.

## II.   Grounds for Removal

1. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a).

2. Defendants remove this action under CAFA, 28 U.S.C. §§ 1332(d) and 1453 on the grounds that: (1) at least one member of the proposed class is a citizen of a State different from any defendant (*i.e.*, minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).

### A.   Minimal Diversity

3. CAFA requires only minimal diversity, namely that "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A)

4. All Defendants are residents, domiciliaries, and citizens of Arizona. (Complaint, ¶¶ 19, 21, 23, 25, 27).

5.     Plaintiff McCauley is a resident, domiciliary and citizen of Tennessee. (Complaint, ¶ 15). Plaintiffs also purport to bring this action on behalf of all purchasers of Xhibit stock during a particular time range. On information and belief, these purchasers are citizens of numerous states different from Arizona, just like Plaintiff McCauley. (Complaint, ¶¶ 15, 79).

6.     Accordingly, minimal diversity is present because at least one member of the purported class of plaintiffs is a citizen of a State different from any defendant.

### B.     Number of Class Members

7.     Plaintiffs purport to bring this action on behalf of a nationwide class that purchased Xhibit stock between May 16, 2013 and September 10, 2014, and claims that these members are "so numerous that joinder of all members is impracticable." (Complaint, ¶ 79). Attached as Exhibit B ("Ex. B") is the Declaration of Scott Wiley, which attaches a comparison of shareholder lists dated June 28, 2013 and September 9, 2014. (Ex. B, Declaration of Scott Wiley, ¶ 3). A comparison of these shareholder lists shows 27 discrete registered holders of Xhibit stock who bought Xhibit stock during the class period. However, one of those registered holders of Xhibit stock is Cede & Co., the nominee name for The Depository Trust Company, a large clearing house that holds shares in its name for banks, brokers and institutions in order to expedite the sale and transfer of stock. Cede & Co. is identified as purchasing nearly 10,000,000 shares during the class period for these unidentified banks, brokers and institutions. Based on the volume of stock purchases by Cede & Co. reflected on these shareholder lists, and on information and belief, the Cede & Co. holdings alone represent more than 100 class

members.

8. Accordingly, CAFA's requirement that the putative class consist of more than 100 members is met here. 28 U.S.C. § 1332(d)(5)(B).

### C. Amount in Controversy

9. The amount in controversy may be established "regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." *Rippee v. Boston Market Corp.,* 408 F.Supp.2d 982, 984 (S.D. Cal. 2005) (quoting S.Rep. No. 109-14, at 42 (Feb. 28, 2055), *reprinted in* 2005 U.S.C.C.A.N. at 40).

10. In the Ninth Circuit, courts "employ a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In such situations, the parties "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Defendants, of course, "are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy." *Id.* at 1198 n.1.

11. Historical stock information for Xhibit reflects that the amount in controversy exceeds $5 million. (Ex. B, Declaration of Scott Wiley, ¶ 4). According to this historical data, there were approximately 8,025,688 shares of Xhibit stock traded during the class period at a total value of $17,449,673, based on average daily share price. (*Id.*; *see also* https://www.google.com/finance?cid=2176008). Because plaintiffs seek

rescission on behalf of all class members, this data sufficiently establishes that the amount in controversy exceeds $5 million.

12.     Here, the Complaint does not expressly plead an amount in controversy. However, multiple allegations in the Complaint indicate that the amount in controversy exceeds $5 million. *See, e.g.,* Complaint, ¶ 3 (Defendants allegedly concealed the "SkyMall's dire financial condition" while "deceptively attributing a value to SkyMall of over $25 million"); *Id.*, ¶ 9 (Defendants were "ultimately forced to acknowledge the deceptive nature of the Merger by taking an impairment charge of over $137 million"); *Id.*, ¶ 9 (Xhibit's "operating expenses had been understated by hundreds of millions of dollars"); *Id.*, ¶¶ 45-46 (Defendants valued SkyMall as worth $25.5 million even though it allegedly "had a negative net worth"); *Id.*, ¶ 61 (Defendants later reported that "the Merger's net value was actually *over $150 million more than what had been originally reported*") (emphasis in original); *Id.*, ¶ 69 (Defendants' sale of "SkyMall's loyalty business" was for $24 million); *Id.*, ¶ 87 (Plaintiffs' allegations are that Defendants acted "to essentially obtain public funding to pay off SkyMall's debt to Najafi affiliates").

13.     Accordingly, while Defendants deny that Plaintiffs and members of the proposed class are entitled to any relief, the recovery alleged by Plaintiffs on behalf of the class exceeds $5 million. 28 U.S.C. § 1332(d)(2).

### III.     Compliance with Removal Statute

14.     <u>Removal to Proper Court</u>. The Notice of Removal was properly filed in the United States District Court for the District of Arizona, because the Superior Court of Arizona, Maricopa County, is located in this federal judicial district. 28 U.S.C. § 1441(a).

15. <u>Proper Signature</u>. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

16. <u>Removal is Timely</u>. The Notice of Removal is timely under 28 U.S.C. § 1453(b) and 28 U.S.C. § 1446(b), as it is filed within 30 days of when Defendants received a copy of the Complaint "through service or otherwise."

17. <u>Pleadings and Process</u>. 28 U.S.C. § 1446(a) requires Defendants to file a copy of all process, pleadings, and orders that have been served upon them. The process, pleadings, or orders that have been served upon Defendants at this time are attached as Exhibit A.

18. <u>Filing and Service</u>. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Superior Court of Arizona, Maricopa County.

19. <u>No Consent Needed</u>. Under CAFA, the individual Defendants need not consent to removal. 28 U.S.C. § 1453(b) ("[S]uch action may be removed by any defendant without the consent of all defendants.").

/ / /

/ / /

**WHEREFORE,** Defendants respectfully remove this action, now pending in the Superior Court of Arizona, Maricopa County, to the United States District Court for the District of Arizona.

Dated this 11th day of October, 2016.

                        QUARLES & BRADY LLP
                        Renaissance One
                        Two North Central Avenue
                        Phoenix, AZ  85004-2391


By */s/ Edward Salanga*
    Edward A. Salanga
    John Maston O'Neal

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2016, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and mailed a copy to:

Andrew S. Friedman
Bonnett Fairbourn Friedman & Balint, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, Arizona  85016
*Attorneys for Plaintiffs*

*/s/  Jennifer Brawley*