WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bill McCauley, et al.,<br><br>          Plaintiffs,<br>vs.<br><br>Jahm J. Najafi et al.,<br><br>          Defendants. | No. CV-16-03461-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. 28.) For the reasons set forth below, the motion will be granted.

**I.    Background**

Plaintiffs Bill McCauley and Edward J. Kendler, individually and on behalf of all others similarly situated ("Plaintiffs"), bring this securities class action suit against Defendants Jahm Najafi, Kevin Weiss, David Franke, James Staudohar, and Scott Wiley, and each of their respective spouses (collectively, "Defendants"), for claims arising from the 2013 merger of Xhibit Corporation ("Xhibit") and SkyMall Holdings Corporation ("SkyMall").

Prior to declaring bankruptcy in 2015 (Doc. 19 ¶ 79-80), Xhibit Corporation was a publicly traded company that specialized in internet marketing and nutraceutical products. (Doc. 19 ¶ 55.) Xhibit reported a net worth of $3 million in April 2013. (Doc. 19 ¶ 43.) During the spring of 2013, Xhibit's management was approached by Defendant Najafi to discuss a proposed merger between Xhibit and Defendant Najafi's company,

SkyMall Holdings Corporation[1] ("SkyMall"). (Doc. 19 ¶ 44.) While presented "as a way for SkyMall and Xhibit to join their businesses and mutually strengthen one another," (Doc. 19 ¶ 44) Plaintiffs contend that Defendants intended to use the merger as a means to create "a materially fraudulent and deceptive public market for SkyMall—an insolvent, previously private company with a history of operating losses." (Doc. 19 ¶ 2.) The Xhibit-SkyMall merger was finalized on May 16, 2013. (Doc. 19 ¶¶ 16, 51.)

After the merger, Plaintiffs allege that Defendants made numerous adjustments to Xhibit's business model including: (1) the termination of Xhibit's original business lines; (2) the sale of SkyMall Ventures—SkyMall's profitable loyalty business line—to repay Defendant Najafi's affiliates that had extended credit to SkyMall; and (3) numerous leadership changes including the appointments of Defendants Weiss as CEO and Defendant Wiley as CFO, as well as the addition of Defendant Najafi to the Board of Directors. (Doc. 19 ¶¶ 45-76.) It is furthered alleged that during this time, Defendants were "deceptively inflating the value of Xhibit . . . overstating Xhibit's assets and net worth by tens of millions of dollars and deceptively understating Xhibit's operating expenses by hundreds of millions of dollars." (Doc. 19 ¶¶ 5-6.) Plaintiffs maintain that Defendants orchestrated this fraud on Xhibit investors and the public through a series of filings with the U.S. Securities and Exchange Commission ("SEC") that were deliberately untimely so as to conceal the fluctuating—and ultimately, declining—value of Xhibit. (Doc. 19 ¶¶ 45-76.)

Xhibit and SkyMall LLC filed for bankruptcy on January 22, 2015 (Doc. 19 ¶ 79), "effectively rendering Xhibit's stock worthless." (Doc. 19 ¶ 11.) On August 23, 2016, Plaintiffs McCauley and Kendler, who between them bought nearly $3 million worth of Xhibit stock after the merger (Docs. 19-1, 19-2), filed the present action in the Maricopa County Superior Court. Plaintiffs bring claims pursuant to Arizona Securities laws, Ariz. Rev. Stat. §§ 44-1991(A)(2), 44-1991(A)(3), and 44-1999(B), on behalf of themselves

---

[1] SkyMall Holdings Corporation includes: SkyMall, LLC; SkyMall Ventures, LLC; and SkyMall Interests, LLC. (Doc. 19 ¶ 2, n. 2.)

and all persons who purchased or held securities issued by Xhibit Corporation between May 16, 2013 and September 10, 2014. (Doc. 19 ¶¶ 85-106.) Defendants removed the case on October 11, 2016 pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. (Doc. 1 at 3.) Plaintiffs McCauley and Kendler were appointed to serve as Lead Plaintiffs. (Doc. 24.) Defendants have moved to dismiss Plaintiff's First Amended Complaint. (Doc. 28.)

## II. Standard of Review

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

In deciding a motion to dismiss the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In

comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, *id.*, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (internal citation omitted). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

Fraud claims are subject to Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the pleader "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The plaintiff must also "set forth . . . an explanation as to why the disputed statement was untrue or misleading when made." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (citation and quotation marks omitted). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States v. Corinthian Colls.,* 655 F.3d 984, 997-98 (9th Cir. 2011) (citation omitted). The plaintiff must identify each defendant's role in the "fraudulent scheme." *Id.* at 998.

**III. Discussion**

In its amended complaint, Plaintiffs allege that Defendants violated the following sections of Arizona Securities law: § 44-1991(A)(2), § 44-1991(A)(3), and § 44-1999(B). The Court addresses each count in turn.

/ / /

/ / /

4

### A. Count 1: 44-1991(A)(2)

"By its express terms, A.R.S. § 44-1991(A) prohibits direct or indirect fraud in connection with the purchase or sale of securities." *Faccioloa v. Greenberg Traurig*, No. CV-10-1025-PHX-FJM, 2011 WL 5833785, at *1 (D. Ariz. Nov. 21, 2011). Subsection 2 explicitly states that it is a fraud to:

> Make any untrue statement of material fact, or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

Ariz. Rev. Stat. § 44-1991(A)(2).

The heightened pleading standard of § 44-1991 requires that "the complaint shall specify each alleged untrue statement or material omission and the reason or reasons why the statement or omission is misleading or the omission is material." Ariz. Rev. Stat. § 44-2082(A); *Faccioloa*, 2011 WL 5833785, at *1. Moreover, the complaint must also allege specific facts that give rise to the "strong inference that the defendant acted with the required state of mind." Ariz. Rev. Stat. § 44-2082(B).

Plaintiffs' claims against Defendant focus on the following allegedly fraudulent actions taken by Defendants including: (1) concealing SkyMall's poor financial condition in the May 17, 2013 press release announcing the merger; (2) overvaluing the merger's worth in Xhibit's financial statements; (3) failing to include qualifications about concerns over SkyMall's worth in its financial statements completed prior to the merger; (4) overvaluing SkyMall's intangible assets, tradename, and goodwill; (5) failing to inform shareholders about Xhibit's plans to eliminate and sell particular business lines; and (6) making material omissions about Xhibit's financial condition in its April 2014 financial statements. (Doc. 19 at 7-16; Doc. 28 at 7-13.) It is important to note, however, that none of these allegations relate to fraudulent actions taken by Defendants in connection with the sale or purchase of securities. To state a claim under Ariz. Rev. Stat, § 44-1991(A)(2), Plaintiffs must allege that Defendants committed a fraud that *resulted in the sale or purchase of securities* by Plaintiffs. Here, Plaintiffs focus on actions taken by Defendants

that merely impacted the value of Xhibit's securities. Because there are no allegations that Defendants committed a fraud that resulted in the sale or purchase of Xhibit securities, Plaintiffs fail to state a claim under Ariz. Rev. Stat. § 44-1991(A)(2).

### B. Count 2: § 44-1991(A)(3)

Under § 44-1991(A)(3), it is fraud to "[e]ngage in any transaction, practice or course of business which operates or would operate as fraud or deceit." Claims of fraud brought under § 44-1991(A)(3) must also satisfy the pleading requirements of Ariz. Rev. Stat. §§ 44-2082(A)-(B). Moreover, to avoid conflating the subsections of § 44-1991(A), allegations of "[m]anipulative conduct must be distinct from omissions or representations under state law." *Red River*, 2012 WL 2507517, at *10. Because Plaintiffs' claim against Defendants under Ariz. Rev. Stat. § 44-1991(A)(3) is a literal recitation of the statute itself (Doc. 19 ¶ 96), Plaintiffs fail to state a claim under Ariz. Rev. Stat. § 44-1991(A)(3).

### C. Count 3: § 44-1999(B)

Ariz. Rev. Stat. § 44-1999(B) provides for joint and several liability for those who directly or indirectly control any person liable for a violation of § 44-1991. The evidence presented by Plaintiffs in their claims under § 44-1999(B) are identical to those claims under § 44-1991(A)(2) and § 44-1991(A)(3). Because Plaintiffs have failed to state a claim under § 44-1991, it follows that Plaintiffs' claims under Ariz. Rev. Stat. § 44-1999(B) must also fail.

## IV. Conclusion

Plaintiffs' First Amended Complaint fails to state a claim under Ariz. Rev. Stat. §§ 44-1991(A)(2), 44-1991(A)(3), and 44-1999(B). Given that Plaintiffs have already had the opportunity to amend their Complaint, the Court finds that further opportunities to amend would be futile and will dismiss this action without leave to amend. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility'");

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal"). Accordingly,

**IT IS ORDERED:**

1. That Defendants' Motion to Dismiss (Doc. 28) is **granted**; and

2. That the Clerk of Court shall terminate this action.

Dated this 29th day of September, 2017.

Honorable Steven P. Logan
United States District Judge