**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bill McCauley, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Jahm J. Najafi, et al.,<br><br>　　　　　Defendants. | No.  CV-16-03461-PHX-SPL<br><br>**ORDER** |

On March 25, 2020, this Court granted in part Defendants' Motion to Dismiss. (Docs. 63, 73) Specifically, the Court dismissed with prejudice Count Three of Plaintiffs' Third Amended Complaint (Doc. 62), which pled a claim for "control person" liability under Arizona Revised Statute ("A.R.S.") § 44-1999(B). (Doc. 73 at 13) Plaintiffs have filed a Motion for Reconsideration (the "Motion") pursuant to Local Rule 7.2(g), which the Court construes as a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e).[1] (Doc. 78) The Court ordered Defendants to file a response, and the response was timely filed on April 21, 2020. (Docs. 79, 80)

Reconsideration is appropriate only in rare circumstances. *Kona Enters., Inc. v.*

---

[1]  A motion for reconsideration can be brought before the Court under either Rule 59(e) or 60(b). Such a motion is treated as a motion to alter or amend the judgment pursuant to Rule 59(e) if it is brought within 28 days after entry of a final order or judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Because the Motion was filed within 30 days of the final order, this Court will treat the motion as a Rule 59(e) motion to alter or amend the judgment.

*Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). The Court may grant a motion under Rule 59(e) if the district court is presented with newly discovered evidence, committed clear error, the initial decision was manifestly unjust, or there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty., Or. V. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiffs argue that the Court's decision was manifest error because courts in other jurisdictions "have repeatedly held that joinder of a bankrupt issuer is not required to state a claim for control liability against the issuers' officers and director." (Doc. 78 at 2) In response, Defendants argue that this Court's decision cannot be manifest error because Plaintiffs fail to cite to any controlling authority supporting their interpretation of A.R.S. § 44-1999(B). (Doc. 80 at 3-4) Defendants maintain that, absent any controlling authority, Arizona rules of statutory construction require the plain language of the statute to control. (Doc. 80 at 5)

Because Plaintiffs fail to cite any controlling law interpreting A.R.S. § 44-1999(B), the Court finds that the Motion does not satisfy the requirements of Rule 59(e). *See E. Vanguard Forex, Ltd. v. Ariz. Corp. Comm'n*, 79 P.3d 86, 97 (Ariz. Ct. App. 2003) (explaining that Arizona courts "may look to federal court decisions for interpretive guidance [on A.R.S. § 44-1999(B)], . . . but are not bound even by the United States Supreme Court's interpretation of analogous federal securities laws."). Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 78) is **denied**.

Dated this 30th day of April, 2020.

Honorable Steven P. Logan
United States District Judge

2